Case 4:22-cv-00929 Document 41 Filed on 05/06/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRY JAMES WILLIAMS, (Reg. #76503-080) Plaintiff, | § § § § § | CIVIL ACTION NO. 4:22-cv-00929 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| ANDREW PEYKOFF SR and ANDREW PEYKOFF II, Defendants. | § § § § § | |

MEMORANDUM AND OPINION

The complaint by Plaintiff Iry James Williams is dismissed as frivolous. Dkt 1. His constructive motion for status is denied. Dkt 31.

1. Background

Williams is an inmate of the Miami Federal Detention Center. He proceeds here *pro se* and has obtained permission to proceed *in forma pauperis*. Dkt 7.

At the time of filing, he was confined at FCI Pollack in Pollack, Louisiana. He initially brought suit in October 2020 in the United States District Court of the Eastern District of Texas, Tyler Division. That court also severed and transferred claims against two defendants to this Court in March 2022. Dkt 34. He sued Andrew Peykoff Sr (as founder and Chairman of Niagara Bottling LLC) and Andrew Peykoff II (President and CEO of Niagara Bottling LLC). Williams himself identifies a last name of "Peykos," but the Niagara Bottling website shows the correct spelling is "Peykoff."

Williams asserts that he observed contaminants in bottled water he purchased in March 2020. He asserts that the contaminated bottled water caused injury to his back, requiring him to use a walker. He seeks unspecified compensatory damages.

2. Legal standard

The complaint by Williams is construed liberally because he proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007). But a federal court has the authority to dismiss an action at any time in which the plaintiff is proceeding *in forma pauperis* if the court determines that the action is frivolous or malicious. 28 USC § 1915(e)(2)(B)(i).

A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez*, 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989); *Richardson v Spurlock*, 260 F3d 495, 498 (5th Cir 2001), citing 28 USC § 1915(e)(2). A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v Hegmann*, 198 F3d 153, 156 (5th Cir 1999); see also *Denton v Hernandez*, 504 US 25, 32 (1992).

A complaint lacks *an arguable basis in law* "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v Scott*, 157 F3d 1003, 1005 (5th Cir 1998), quoting *McCormick v Stalder*, 105 F3d 1059, 1061 (5th Cir 1997). A cause of action under 42 USC § 1983 requires a showing of a deprivation of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v McCollan*, 443 US 137 (1979).

3. Analysis

Williams's claims lack an arguable basis in law. *First*, Defendants here are private actors. Actions of private

actors don't constitute state action under 42 USC § 1983. See *Briscoe v LaHue*, 460 US 325, 329 (1983). *Second*, Williams pleads nothing invoking the protections of the Due Process Clause. Generally speaking, the Due Process Clause does confer protection to the general public against unwarranted governmental interference. But it doesn't confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v Alexander*, 44 F3d 1297, 1302 (5th Cir 1995)(*en banc*). Nor does it require the State to offer advance protection of the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v City of Houston*, 51 F3d 512, 515 (5th Cir 1995), citing *DeShaney v Winnebago County Department of Social Services*, 489 US 189, 195 (1989).

Williams's claims will be dismissed as lacking an arguable basis in law.

    4. Conclusion

The complaint filed by Iry James Williams is DISMISSED WITH PREJUDICE as lacking an arguable basis in law under 28 USC § 1915(e)(2)(B)(i). Dkt 1. This dismissal counts as a strike under 28 USC § 1915(g).

Williams filed a motion to proceed in which he seeks the status of his civil action in the Eastern District in Civil Action Number 6:20-cv-0566. That is DENIED. Dkt 31.

Any other pending motions are DENIED AS MOOT.

The Clerk of Court will send a copy of this Order to:

    Miami Federal Detention Center
    33 NE 4th St.
    Miami, FL 33132;

and

    Manager of the Three-Strikes List
    Southern District of Texas
    Three_Strikes@txs.uscourts.gov.

So ORDERED.

Signed on May 6, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge